968 F.2d 1224
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Tim Carlos LUCERO, Petitioner-Appellant,
v.
Eloy MONDRAGON, Respondent-Appellee.
 No. 91-2113.
 United States Court of Appeals, Tenth Circuit.
 July 17, 1992.
 
 1
 D.N.M., No. Cr. 88-252.
 
 
 2
 D.N.M.
 
 
 3
 AFFIRMED.
 
 
 4
 BRORBY and EBEL, Circuit Judges, and VAN SICKLE*, Senior District Judge.
 
 
 5
 ORDER AND JUDGMENT**
 
 
 6
 BRUCE M. VAN SICKLE, Senior District Judge.
 
 
 7
 On November 2, 1982, Melanie, a seven year old girl who was walking to a friend's home, was lured into his car by a man in an alley. He slapped her when she cried at his advances. He then pulled her hair, removed her panties, put his finger into her vagina, and left her.
 
 
 8
 A day care center was nearby. The woman who ran it came outside to call her child to come in to have lunch with the day care children. She saw Melanie crying and came to her aid. She fixed the time she first saw Melanie at 11:40 A.M. Based on Melanie's description of her assailant and his car, police arrested Lucero. They found other evidence in the car.
 
 
 9
 Lucero was indicted for first degree criminal sexual penetration in violation of N.M.Stat.Ann. § 30-9-11(A) (1978), for kidnapping in violation of N.M.Stat.Ann. § 30-4-1 (1978), and for enticement of a child in violation of N.M.Stat.Ann. § 30-9-1 (1978). Lucero was tried in state court in February of 1982, and this trial ended in a mistrial when the jury failed to agree. He was tried again in April of 1983 and was convicted on all counts. He was sentenced to serve 24 years of imprisonment and two years of supervised release.
 
 
 10
 He appealed to the New Mexico Court of Appeals which affirmed the conviction. Lucero v. New Mexico, New Mexico court of Appeals, September 10, 1985. The New Mexico Supreme Court denied Lucero's petition for a writ of certiorari without comment. Lucero v. New Mexico, Cause No. 7871, October 17, 1985. Lucero then brought a petition for habeas corpus in the United States District Court for the District of New Mexico, which dismissed the petition. Lucero v. Mondragon, U.S. Dist.Ct., Dist. of New Mexico, Civ. No. 88-0252, May 1, 1991. He now appeals that dismissal to this court.
 
 
 11
 An attorney named Kelly first appeared for Lucero in this action on February 7, 1983. In accordance with New Mexico law the videotaped deposition of the victim was taken before the judge for use at trial. Kelly was present at the taping and cross examined the victim on behalf of Lucero. After Melanie's deposition was taken, Lucero recalled that he was in Kelly's office at the time of the commission of the alleged crimes, conferring on a civil matter in which Kelly was his lawyer.
 
 
 12
 Kelly then consulted his calendar and found that Lucero had had a 10:30 appointment that morning. Kelly became a witness for Lucero and withdrew as his counsel. Substitute counsel then moved the court to reopen Melanie's testimony to allow him to inquire more closely about the timing of the incident because timing was important to the alibi defense.
 
 
 13
 At her first deposition the only question relating to time was an inquiry as to whether the incident happened during the day or night. It was Kelly's testimony that Lucero left Kelly's office at 11:30 or 11:40 on the morning in question. The woman who found Melanie after the incident was quite certain that the time she first saw her was 11:40. This, of course, is independent evidence setting the time of the crime near, but before, 11:45 A.M.
 
 
 14
 The court denied the motion for another deposition, finding that to subject Melanie to further examination would likely cause her further mental distress and that there had been adequate cross-examination at the first deposition. The court found as a matter of law that:
 
 
 15
 1. Defendant is not entitled to a further exercise of the right of confrontation merely predicated upon a change of counsel, who might desire to use different tactics than his predecessor.
 
 
 16
 2. The rights of confrontation attach only to the Defendant, not his attorney. Once they have been reasonably exercised, they cannot again be exercised by subsequent counsel if it would cause undue hardship on tender-aged witnesses.
 
 
 17
 "[T]rial judges retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on such cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety...." Delaware v. Van Arsdall, 475 U.S. 673, 679 (1986). Here the trial judge articulated a reasonable basis for the refusal to allow the second deposition. This is particularly true in light of the unrestricted right of cross-examination granted Lucero's counsel in the first deposition.
 
 
 18
 Accordingly, the decision of the district court dismissing the petition is affirmed.
 
 
 
 *
 Honorable Bruce M. Van Sickle, Senior United States District Judge for the District of North Dakota, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3